Reese, J,
delivered the opinion of the court.
The material error in the charge of the circuit court to the jury, and upon the ground of which we feel very clear that the judgment must be reversed, consists in the statement, that although the deed of gift set up by the defendants was not registered in the county of Rutherford, where the negroes were, and where they were at its execution, still, if the creditors had notice of its existence, the omission to register would not, as against them, affect the title of the defendants. This position, the circuit court supposed to be sustained by the provisions of the act of 1827, c. 59, § 1. "We think that *73 die proper construction of tliis statute, (a construction which repels the application made of it to the case in the circuit court,) is given in the case of Douglass vs Morford and Terrel, determined by this court at Sparta. 8 Yer. R. 200. That statute having enacted, “that deeds, grants, bills of sale, and other instruments, whenever registered, should he as good and valid as if registered in the time prescribed by law, contains a proviso, intended to guard the rights of creditors and purchasers against a mischievous operation or construction of the law; and this proviso declares, that nothing in the act contained, or in such registration, shall affect the rights of creditors or bona fide purchasers for a valuable consideration without notice. This proviso, it is attempted to convert into an affirmative proposition, introductive of a new rule, which, in its application and consequences, would utterly subvert the salutary operation of the act of 1784, c. 10, § 7, and the act of 1801, c. 25, § 2, that a creditor, if he have notice of an unregistered deed of gift or other instrument, shall be affected by it to the same extent, as if it had in proper time been registered in the proper county. We think on the contrary, that the legislature did not propose in the proviso to introduce any new rule, affecting the rights of creditors and purchasers, but leaving those rights unimpaired as they had before been; it declared, that as between grantor and grantee, those instruments, whenever registered, should be good and valid and take-effect from their date. Under the act of 1784, c. 10, § 7, the question of any difficulty at first, was, not whether a creditor or purchaser would be affected by notice of a parol gift or unregistered deed, but whether such gift or deed would be good even as between the parties themselves, and against the express terms of that statute, judicial construction in North Carolina and Tennessee has settled it in favor of the operation of such gift and such deed, as between the parties. But it has been as clearly settled, that if a creditor have notice of such parol gift, or such unregistered deed, he is not affected by it. See Mart, and Yer. Rep. 391. The same point is ruled in Virginia, in a case very like the present. See the case of Gray vs. Mosely, 2 Mumford’s Rep. 545.
We are also of opinion, that the deed of gift in this case *74 confers upon" the defendant, Francis Ann, who was not ire being at the time of its execution,, no title whatever, and that in any form of action, a stranger who has not title to sue, cannot he joined with others who-may have; and that it would be error, if such matters appeared upon the record, to give a judgment in favor of such stranger and the others entitled. But we believe that it would be proper for the circuit court, upon application, to strike out such party.
As to the operation of the statute of limitations upon the title of the-' defendants, in error,' which has been somewhat insisted upon in this court,- we deem- it improper to give any opinion. No charge was given or asked for upon that point in the circuit court, nor do the parties seem to have prepared and investigated the cause with a view to that question.
Let the judgment be reversed, and the cause be remanded to the circuit court to be there tried again.
Judgment reversed.